# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| AMIE CENTES, | : |
| | : Case No. 2:19-cv-03208 |
| Plaintiff, | : |
| | : JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Vascura |
| DANIEL KIRK, et al., | : |
| | : |
| | : |
| Defendants. | : |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss. Doc. 4. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion [#4].

### II. BACKGROUND

Plaintiff Amie Centes is a member of Teamsters Local 284, a labor union dedicated to representing workers in Columbus, Ohio. Defendant Daniel Kirk is the former President of Teamsters Local 284 and Defendant Paul Suffoletto is the former Secretary and Treasurer. In April 2011, Defendants were named in a sexual harassment suit filed in the United States District Court for the Southern District of Ohio. Defendants later entered into a settlement agreement in March 2013, which used over $130,000 of union funds to resolve the claims. According to Plaintiff, Defendants reported the settlement payments as "general overhead" on Teamsters Local 284's Annual Reports for the years 2013, 2014, and 2015.

In this action, Plaintiff alleges Defendants breached their fiduciary duty to the union under 29 U.S.C. § 501 by, among other things, using union funds to settle claims of sexual harassment

1

and failing to consider the best interest of union members when settling those claims. Plaintiff also alleges Defendants committed common law fraud by misrepresenting material facts, such as reporting settlement payments as "general overhead" and structuring the $132,500 settlement payment in a way -- and with the intent to deceive or mislead -- that avoided bylaw provisions requiring payments over $10,000 to be presented to union members.

Defendants have now moved to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7).

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b) provides for the dismissal of a complaint for, among other things, a failure to state a claim upon which relief can be granted and failure to join a necessary party. Fed. R. Civ. P. 12(b)(6) and (7).

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for a failure to state a claim upon which relief can be granted, "[a]ll factual allegations in the complaint must be presumed true, and reasonable inferences must be made in favor of the non-moving party." *Mitchell v. BMI Fed. Credit Union*, 374 F. Supp. 3d 664 (S.D. Ohio 2019) (quoting *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008)). The Court, however, does not have to "accept unwarranted factual inferences." *Id.* (quoting *Total Benefits*, 552 F.3d at 434). A complaint "must state more than a bare assertion of legal conclusions to survive a motion to dismiss." *Id.* (internal quotations and citations omitted). Stated differently, "[a] plaintiff's [f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (internal quotations and citations omitted).

## IV. ANALYSIS

Defendants move for the dismissal of Plaintiff's Complaint on three grounds: (1) Plaintiff's breach of fiduciary duty claim is barred by the statute of limitations; (2) Plaintiff's fraud claim is preempted by Section 301 of the Labor Management Relations Act ("LMRA"); and (3) Plaintiff failed to join Teamsters Local 284, a necessary and indispensable party to this action, as a Defendant. The Court will address each of Defendants' arguments, in turn, below.

### A. Whether the Breach of Fiduciary Duty Claim is Barred by the Statute of Limitations

First, Defendants argue that Plaintiff's breach of fiduciary duty claim is barred by the statute of limitations. Specifically, Defendants claim that Plaintiff was required to initiate this action within four years of Defendants settling their sexual harassment suit in March 2013. Because Plaintiff did not file this lawsuit until more than six years later -- on June 20, 2019 -- Defendants maintain that the Court must dismiss the breach of fiduciary duty claim. *See Joseph v. Joseph*, 2018 WL 488194, at *4 (S.D. Ohio Jan. 19, 2018) ("A claim for breach of fiduciary duty accrues when the act or omission constituting the breach actually occurs, rather than when the breach is discovered.") (citing *Union Sav. Bank v. Lawyers Title Ins. Corp.*, 191 Ohio App. 3d 540 (Ohio Ct. App. Dec. 28, 2010)).

29 U.S.C. § 501(b), which codifies fiduciary responsibility claims under federal law, does not provide for a statutory limitations period. Where a federal statute fails to provide for such, courts generally "apply the most closely analogous statute of limitations under state law." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983). In Ohio, the most closely analogous statute of limitations to a federal claim for breach of fiduciary duty is the four-year limitations period for a breach of fiduciary duty under Ohio Revised Code § 2305.09(D).

Plaintiff argues that her claim is not barred by the statute of limitations set forth in O.R.C. § 2305.09(D) because Defendants' breach of fiduciary duty involved fraud. In such cases, Plaintiff contends, the Court must apply the discovery rule, which would toll the statute of limitations until the date Plaintiff discovered the fraudulent breach of fiduciary duty. *See Joseph*, 2018 WL 488194, at *5 ("[W]hile the discovery rule does not typically apply to claims for breaches of fiduciary duty, Courts have applied the discovery rule for claims of 'fraudulent' breach, when the plaintiff sets forth 'direct and specific' allegations demonstrating fraud."); *Scotts Co. LLC v. Liberty Mut. Ins. Co.*, 606 F. Supp. 2d 722, 738 (S.D. Ohio 2009) ("The 'discovery rule' generally provides that a cause of action accrues for purposes of the governing statute of limitations at the time when the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained of injury.") (quoting *Investors REIT One v. Jacobs*, 46 Ohio St. 3d 176, 179 (1989)). The pertinent question for the Court, therefore, is whether Plaintiff has set forth a claim of fraud within her breach of fiduciary duty action and, if so, when she should have discovered that fraudulent breach.

In Ohio, to state a claim for fraud, a plaintiff is required to plead "(1) a representation, or where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance." *Joseph*, 2018 WL 488194, at *7 (citing *Cohen v. Lamko, Inc.*, 10 Ohio St. 3d 167, 169 (1984)). Additionally, the Federal Rules of Civil Procedure require that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This provision "requires a party to set forth, at a minimum, the 'time, place and content' of the misrepresentation upon which

the plaintiff relied, as well as the intent of the defendant, and the resulting injury." *Joseph*, 2018 WL 488194, at *7 (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir. 1988)).

Here, Plaintiff's first cause of action does not allege a cognizable fraudulent breach of fiduciary duty claim. Her Complaint makes five allegations against Defendants:

a. Failing to present expenditures over $10,000 to the members as required by Section 13(p) of the bylaws;

b. Using union funds to settle claims of sexual harassment against Defendants, thereby putting their own personal interests at conflict with the interest of Teamsters Local 284;

c. Failing to consider the best interest of members when settling claims;

d. Executing a settlement agreement which required the Defendants to keep the terms of the agreement strictly confidential, thereby barring members access to details concerning union expenditures as required by the bylaws; and

e. Structuring settlement payments to deliberately conceal payments in violation of the bylaws. Defendants paid Angela Williams an initial payment of $10,000 without reporting the payment to its members. Between March 29, 2013 and February 27, 2015, Defendants made 24 monthly payments of $5,104.16 to Angela Williams and her attorney A.G. Velez. These payments totaled $1[3]2,500 with $69,500 paid to Ms. Williams and $52,999 paid to Attorney Velez. Defendants failed to report this $132,500 expenditure to its members as required by the bylaws.

*See* Doc. 3. Each of these allegations, however, pertain only to a general breach of Defendants' duties with respect to their fiduciary obligations under the union's bylaws. There are no allegations that Defendants made false representations. Nor does Plaintiff explain how she relied on such representations to her detriment. Moreover, Plaintiff's second cause of action, unlike the first, specifically pleads a claim of fraud. *See id.* This suggests that Plaintiff is now attempting to conflate her two causes of action to avoid dismissal on statute of limitations grounds. But because Plaintiff was required to initiate her breach of fiduciary duty claim within four years of Defendants

settling their sexual harassment lawsuit, and because she failed to do so, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's first cause of action.

## B. Whether the Fraud Claim is Preempted by Section 301 of the LMRA

Next**,** Defendants argue that Plaintiff's second cause of action -- common law fraud -- is preempted by section 301 of the LMRA because it would require the Court to interpret Teamsters Local 284's bylaws to determine whether certain provisions were violated. Defendants maintain that LMRA preemption warrants the dismissal of Plaintiff's fraud claim. The Court disagrees.

Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). The Sixth Circuit has made clear that section 301 "preempts state law rules that substantially implicate the meaning of collective bargaining agreement terms." *DeCoe v. General Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994). But "[t]he constitution of a local union . . . is a contract between the union and its members, and [a] suit on a contract between a labor organization and a member is not within the scope of section 301." *Madsen v. Am. Fed'n of Musicians*, 13 F. Supp. 3d 820, 825 (N.D. Ohio 2014) (quoting *Korzen v. Local Union 705, Int'l Bd. of Teamsters*, 75 F.3d 285, 288 (7th Cir. 1996)) (internal quotations omitted); *see Williams v. Local Union 911, United Steelworkers of Am.*, 31 F. Supp. 2d 40, 43 (D.R.I. 1998) ("Local bylaws are not contracts between labor organizations. Nor are they contracts between a union and an employer.").

Here, Plaintiff makes the following allegations of fraud against Defendants under her second cause of action:

a. Defendants knowingly misrepresented material facts by reporting settlement payments and attorney's fees related to sexual harassment claims as "general overhead' on the Teamsters Local 284's Labor and Organization Annual Reports for 2013, 2014, and 2015.

   b. Defendants knowingly misrepresented material facts by structuring a $132,500 confidential settlement payment related to sexual harassment claims to avoid bylaw provisions which required payments <u>over</u> $10,000 to be presented to the membership.

   c. Defendants concealed settlement payments in excess of $132,000 with the intent to deceive or mislead the members of Teamsters Local 284.

   d. The Plaintiff and other members of Teamsters Local 284 relied on Defendants' misrepresentations during subsequent elections and while voting on matters of union business.

   e. As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff has suffered damages to include the loss of monies paid to settle claims against Defendants, salaries paid to Defendants, and loss of funds intended to support collective bargaining negotiations and other legitimate union activities.

*See* Doc. 3. Plaintiff's allegations, however, revolve only around a violation of the union's local bylaws, rather than a violation of a contract between an employer and labor organization or between labor organizations. Accordingly, section 301 of the LMRA does not preempt Plaintiff's second cause of action. *See Madsen*, 13 F. Supp. 3d at 825.

**C. Whether Teamsters Local 284 is a Necessary and Indispensable Party to this Action**

Finally, Defendants argue that the Court should dismiss the remaining fraud claim in Plaintiff's Complaint because she failed to join Teamsters Local 284 as a Defendant in this action. Defendants contend that Teamsters Local 284 is a necessary and indispensable party and, without them, complete relief cannot be accorded among those parties already named as Defendants.

The Sixth Circuit had adopted a three-prong test to determine whether joinder is necessary under Federal Rule of Civil Procedure Rule 19. First, the Court must determine "whether a person is necessary to the action and should be joined if possible." *Keweenaw Bay Indian Cmty. v. State*, 11 F.3d 1341, 1345 (6th Cir. 1993). Rule 19(a) describes this initial analysis:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligation because of the interest.

Fed. R. Civ. P. 19(a). "If the court finds that the absent person or entity falls within either one of those provisions, the party is thus one to be joined if feasible." *Keweenaw*, 11 F.3d at 1345.

At step two, the Court must consider the issue of personal jurisdiction. *Id.* The Sixth Circuit has instructed that "[i]f personal jurisdiction is present, the party shall be joined; however, in the absence of personal jurisdiction (or if venue as to the joined party is improper), the party cannot properly be brought before the court." *Id.* at 1345-46. If such is the case, the Court proceeds to the third step, "which involves an analysis of the factors set forth in Rule 19(b) to determine whether the court may proceed without the absent party or, to the contrary, must dismiss the case due to the indispensability of that party." *Id.* at 1346. The four factors set forth in Rule 19(b) include:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to [the person] or to those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; [and] fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Id.*

Here, Defendants note that the union -- Teamsters Local 284 -- is made up of seven executive officers who share joint decision-making authority over all union actions. To that end, Defendants assert that it was the union as a body, not Defendants in their individual capacities, that was responsible for the decision to report the sexual harassment lawsuit settlement payments

8

on Teamsters Local 284's annual reports as "general overhead." Thus, Defendants contend that the union is a necessary party to this fraud action.

The Court agrees that Teamsters Local 284 is a necessary party to this action, as failing to join the union would put Defendants at risk of liability for actions they did not commit separate and apart from the union's executive board. Nevertheless, Defendants concede that the Court would have personal jurisdiction over the union in this case. *See* Doc. 4 at 10 ("The Union is located in Franklin County, Ohio, so there are no issues of personal jurisdiction."). Hence, the proper remedy is not to dismiss this action, but rather to join the union as a party. Accordingly, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's second cause of action.

## V. CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss [#4]. Plaintiff's first cause of action -- breach of fiduciary duty under 29 U.S.C. § 501(b) -- is **DISMISSED**. The Court will, however, retain jurisdiction over Plaintiff's state law fraud claim. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996) ("A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims."). The Court **ORDERS** Plaintiff to move for joinder of the union as a party to this action within fourteen (14) days of this Opinion and Order or else face dismissal. Finally, the Court **DENIES** Defendants' Motion to Stay Discovery Pending Resolution of the Motion to Dismiss [#17] **AS MOOT**.

**IT IS SO ORDERED.**

    /s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 9, 2020**