# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| AMIE CENTES, : | |
| : | Case No. 2:19-cv-03208 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Vascura |
| DANIEL KIRK, et al., : | |
| : | |
| : | |
| Defendants. : | |

## ORDER

This matter is before the Court on Defendants' Motion for Sanctions. Doc. 9. Defendants maintain that Plaintiff failed to comply with Federal Rule of Civil Procedure 11(b) because she asserted factual contentions with no possible evidentiary support and asserted claims and legal contentions not warranted by law.

Rule 11(b), in relevant part, provides that when an attorney or unrepresented party submits a pleading, motion, or any other paper to the Court, they are certifying that, to the best of their knowledge, "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Further, the individual is certifying that his/her "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Ultimately, the decision whether to impose sanctions is within the Court's discretion. *Edwards v. UAW Nat'l Ford Dept.*, 2007 WL 2907360, at *3 (E.D. Mich. Aug. 16, 2007).

Here, the Court will not impose sanctions on Plaintiff. In an Opinion and Order entered on March 9, 2020, the Court found that one of the two claims raised in Plaintiff's Complaint was meritorious. *See* Doc. 30. As such, it would be inappropriate to penalize Plaintiff for filing a claim on which she could potentially prevail. Accordingly, the Court **DENIES** Defendants' Motion to Impose Sanctions [#9].

Additionally, the Court **DECLINES** Plaintiff's request for costs and reasonable fees incurred in opposing this Motion. *See* Fed. R. Civ. P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."). Although the Court denied Defendants' Motion to Impose Sanctions, the Court does not find that it was filed in bad faith.

**IT IS SO ORDERED.**

                                                  **/s/ Algenon L. Marbley**
                                                  **ALGENON L. MARBLEY**
                                                  **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 16, 2020**